# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ST. LOUIS COG, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:07CV1738 CEJ |
| VINCENT VENTIMIGLIA, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon defendant's pro se notice of removal of this action from the Circuit Court for the County of St. Louis, Missouri. The Court has reviewed the notice and the state court pleadings and finds that subject matter jurisdiction is lacking. As a result, this case will be remanded to the state court.

On September 22, 2006, plaintiff filed a motion for a temporary restraining order against defendant. The state court granted the motion, finding that defendant would cause irreparable injury to plaintiff by disturbing Sunday morning worship services at a church owned by plaintiff. Although unclear from the manner in which the state court pleadings have been presented, it appears that the court granted a permanent injunction barring defendant from plaintiff's premises.

After presenting several unsuccessful motions to the state trial court, defendant filed a petition for a writ of mandamus with the Missouri Court of Appeals requesting

the appellate court to sanction plaintiff's attorney, to order the trial court judge to recuse himself, and to dismiss the case with prejudice. The appellate court denied the petition without comment on July 25, 2007.

Defendant filed the instant notice of removal on October 12, 2007, under the theory that a federal question exists.

To successfully remove a case from state to federal court, a defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). More than thirty days passed between the time defendant was served with the state court pleadings and the time he filed his notice of removal. As a result, defendant did not properly remove this case under 28 U.S.C. § 1446, leaving this Court without subject matter jurisdiction over the pleadings.

Additionally, even if plaintiff had timely removed the case, this Court would not have subject matter jurisdiction over it because no federal question is presented. The issues in plaintiff's petition are purely of state law, and the federal civil rights statutes are not implicated because plaintiff is not a state actor. See 42 U.S.C. § 1983.

Finally, this Court does not have subject matter jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the United States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983). As a result, to the extent that defendant may be seeking appellate review of the Missouri Court of Appeals decision to deny his petition for writ of mandamus, this Court lacks jurisdiction as well.

For each of these reasons, the Court will remand this case to the Circuit Court of the County of St. Louis, Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **remanded** to the Circuit Court for the County of St. Louis, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 16th day of October, 2007.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE